Pearson, J.
 

 The estates reserved to the donor and
 
 his wife
 
 are “good and effectual in law,” hy force of the Act of 1823, Rev. Stat. cli. 37, sec. 22. So, our question is one of
 
 construefrion:
 
 what estate vested in the wife according to the legal effect of the deed
 
 %
 

 We
 
 think it clear that the intention of the donor was to make a substantive gift to his wife, and the introduction of her name was not intended as a word of limitation, but to. designate
 
 her
 
 as one of the objects of bounty, and to give her the ownership of the slaves during her life-time ; which gift or bounty, of course, would not take effect unless she survived her husband.
 

 We have, then, this case: a life estate is reserved to the husband, then to the wife (if she survives him) with limitation
 
 *40
 
 over. The husband dies, and his administrator sues for the slaves.
 

 For the plaintiff it is urged: if a gift is made to a wife for life, the husband takes
 
 jure maritñ,
 
 although the husband be the donor, and the legal effect is to defeat the gift.
 

 Such is the law, and hence the necessity for interposing a trustee where a
 
 present
 
 estate is given to the wife. See
 
 Garner
 
 v. Garner, Bus. Eq. 1.
 

 For the defendant it is urged: by the true construction and legal effect of the deed, the wife does not take a present estate; her estate
 
 does not vest in possession
 
 until after the estate of the husband terminates—that is, at his death ; so the wife had no such estate as the husband could reduce into possession during coverture; consequently the doctrine of
 
 jus'ma/riti
 
 has no application.
 

 It is settled, a husband is not entitled to a remainder or reversionary interest of the wife, unless
 
 úiq particular estate
 
 determines in the life-time of the husband,
 
 McBride
 
 v. Choate, 2 Ire. Eq. 610. Here the suit is in the name of the personal representative of the husband; consequently all the learning in regard to the effect of an assignment by him, or a sale under an execution against him, has no bearing, and the only question is, does
 
 the
 
 deed, by its legal effect, give the husband an estate for his life ?
 

 In regard to this, the words are plain, for, as we hold in Murphy v. same defendant, decided at this term, (ante
 
 3T)
 
 in construing the same deed, it evidently was not the intention to reserve an estate during the joint lives of the husband and wife, so as to vest the property in the grand-cliild,
 
 at the death of thedonor.
 
 Clearly, it was
 
 them,
 
 to belong to his wife.
 

 The legal effect of the deed vested an estate in the husband for his life,
 
 then
 
 to the wife for her life, and then to the grandchild.
 

 We do not concur with his Honor.
 
 Venire de novo.
 

 Per Curiam.
 

 Judgment reversed.